

FILED

AUG 1 2 2021

Clerk, U.S. District Court
Texas Eastern

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:20CR308 |
| | § | Judge Mazzant |
| HALIL SIVRI | § | |

## SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 18 U.S.C. § 922(g)(5)
(Possession of a Firearm by an alien
illegally or unlawfully present in the
United States)

Between on or about August 4, 2019 and March 5, 2020, in the Eastern District of Texas and elsewhere, the defendant, **Halil Sivri**, knowing that he was an alien illegally and unlawfully in the United States and had been admitted to the United States under a nonimmigrant visa, did knowingly possess in and affecting interstate and foreign commerce the following firearm: a Glock 9 mm pistol serial number BEYG058.

In violation of 18 U.S.C. § 922(g)(5).

### Count Two

Violation: 18 U.S.C. § 371
(Conspiracy)

Indictment
Page 1

From on or about August 4, 2019 and continuing thereafter up to and including the date of this Superseding Indictment in the Eastern District of Texas and elsewhere, **Halil Sivri**, and others known and unknown to the United States Grand Jury did knowingly and unlawfully combine, conspire, confederate and agree together, and with each other to commit offenses against the United States, that is to:

(1) acquire a firearm through the use of a straw purchaser who was to and did provide false and misleading information to a federally licensed firearms dealer, said information being material to the lawfulness of the role of the said firearms dealer and required to be kept as a part of the records by said federally licensed firearms dealers; and,

 (2) transfer a firearm to the defendant in violation of law in that the defendant was an alien illegally and unlawfully in the United States and had been admitted to the United States under a nonimmigrant visa; and,

(3)  conceal and cover up the nature and existence of the conspiracy;

which said conspiracy is in violation of 18 U.S.C. §§ 922(a)(6), 922 (d)(5) and 924 (a)(1)(A).

## OBJECTIVES OF THE CONSPIRACY

The objectives of the conspiracy were to knowingly and unlawfully make, conceal, command and induce and cause to be made false statements and representations with respect to information required to be kept in the records of a federally licensed

Indictment
Page 2

firearms dealer in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(A), to illegally obtain a firearm; and, to illegally transfer a firearm to an alien illegally and unlawfully in the United States and admitted to the United States under a nonimmigrant visa in violation of 18 U.S.C. § 922 (d)(5).

## OVERT ACTS

In furtherance of the conspiracy and to effect its objectives, the defendant and Co-Conspirators committed overt acts in the Eastern District of Texas and elsewhere, including, but not limited to the following:

(1) On or about August 4, 2019, the defendant and a Co-Conspirator (Co-Conspirator #1) caused to be made the straw purchase of a Glock Model 17, 9 mm semi-automatic pistol, bearing serial number BEYG058 from Defiant Arms, LLC, a federally licensed firearms dealer.

(2) During the purchase, Co-Conspirator #1 gave a material false statement to question 11a on the ATF E-Form 4473 in that he falsely stated that he was the actual buyer of the firearm when, in fact, the defendant was the actual purchaser. This had the purpose and effect of allowing the defendant (the true purchaser of the firearm) to avoid answering questions 12.c, 12.d.1, and 12.d.2 on the ATF E-Form 4473 regarding his immigration status. If the defendant had truthfully revealed his immigration status, he would have been prohibited from purchasing said firearm.

Indictment
Page 3

(3) At some point after the purchase of the firearm, it was unlawfully transferred from Co-Conspirator #1 to the defendant.

(4) On or about September 12, 2019, Co-Conspirator #1 made a false report to the Police Department in the city of Plano, a place within the Eastern District of Texas, alleging that the firearm had been stolen from his home in the city of Plano. This false report concealed the transfer from Co-Conspirator #1 to the defendant and was made in furtherance of the conspiracy to transfer the firearm to the defendant unlawfully.

(5) After his detention by immigration authorities in early March 2020, the defendant engaged in multiple phone conversations with an individual known here as Co-Conspirator #2. The defendant admitted to Co-Conspirator #2 that Co-Conspirator #1 had purchased the firearm on the defendant's behalf and that the defendant had paid for the firearm.

(6) On behalf of the defendant, Co-Conspirator #2 sent a FaceBook Messenger message to Co-Conspirator #1 on or about March 18, 2020 asking Co-Conspirator #1 to file an affidavit with the Plano Police Department claiming that Co-Conspirator #1 had left the firearm at the defendant's home (where it had been recovered by law enforcement authorities). Such a statement would have had the purpose and effect of concealing the transfer to the defendant.

Indictment
Page 4

(7)  The defendant told Co-Conspirator #2 that, after his release from custody, the defendant would retrieve the firearm from Co-Conspirator #1 because the defendant had paid for the firearm and it was rightfully his.

All in violation of Title 18, United States Code, Section 371.

## Count Three

Violation: 18 U.S.C. §§ 922(a)(6) & 2
(False Statement During Purchase of a
Firearm and Aiding and Abetting)

On or about August 4, 2019, in the Eastern District of Texas, the defendant, aided, abetted, counseled, commanded, induced, and procured a person known to the Grand Jury and who is identified here as J.L.W., in connection with the acquisition of a firearm, a Glock Model 17, 9 mm semi-automatic pistol, bearing serial number BEYG058 from Defiant Arms, LLC, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, to knowingly make a false and fictitious written statement to Defiant Arms, which statement was intended and likely to deceive Defiant Arms, as to a fact material to the lawfulness of such sale of the said firearm to the defendant under chapter 44 of Title 18, in that J.L.W., aided, abetted, counseled, commanded, induced, and procured by the defendant represented that J.L.W. was the actual buyer of the firearm, when, in fact, the defendant was the buyer of the firearm; in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) & 2.

Indictment
Page 5

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

As a result of committing any offense under 18 U.S.C. § 922, as charged in this

Indictment, defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and

28 U.S.C. § 2461(c), all property used to commit or facilitate the offenses, proceeds from

the offenses, and property derived from proceeds obtained directly or indirectly from the

offenses, including but not limited to: a Glock 9 mm pistol serial number BEYG058 .

A TRUE BILL

_____
GRAND JURY FOREPERSON

NICHOLAS J. GANJEI
ACTING UNITED STATES ATTORNEY

8-12-21
_____
JAY R. COMBS                     Date
Assistant United States Attorney

Indictment
Page 6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:20CR308 |
| | § | Judge Mazzant |
| HALIL SIVRI | § | |

## NOTICE OF PENALTY

### Count One

Violation:    18 U.S.C. § 922(g)(5)

Penalty:    Imprisonment for a term of not more than ten years; a fine not to exceed $250,000.00; and supervised release of not more than three years.

Special Assessment: $100.00

### Count Two

Violation:    18 U.S.C. § 371

Penalty:    Imprisonment for a term of not more than five years; a fine not to exceed $250,000.00; and supervised release of not more than three years.

Special Assessment: $100.00

### Count Three

Violation:    18 U.S.C. §§ 922(a)(6) & 2

Penalty:    Imprisonment for a term of not more than ten years; a fine not to exceed $250,000.00; and supervised release of not more than three years.

Special Assessment: $100.00

Notice of Penalty
Page 1